**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

May 18, 2009

| | |
|---|---|
| Michael J. Zaretsky, Esq.<br>Chorpenning, Good, Carlet & Garrison<br>1135 Clifton Avenue<br>Suite 104<br>Clifton, NJ 07015-2666 | Andrew M. Baron, Esq.<br>1275 Westfield Avenue<br>Rahway, NJ 07065 |

**LETTER ORDER**

Re:  United Healthcare Insurance Company v. First Occupational Center of NJ
     Civil Action No. 07-2354 (SDW)

Dear Counsel:

Before the Court is the motion of plaintiff United Healthcare Insurance Company ("UHC") for entry of final judgment against defendant The First Occupational Center of NJ ("First Occupational"). The motion is unopposed. For the reasons set forth below, the motion is granted and final judgment is entered against First Occupational in the amount of $108,153.05 plus interest.

**BACKGROUND**

By way of background, on or about May 11, 2007 UHC filed this Complaint seeking damages in the amount of $108,153.05 together with interest on a book account. On January 4, 2008, the parties entered into a settlement whereby First Occupational was to make a lump sum payment of a reduced amount to UHC in March 2008. If payment was not made at that time, UHC could file for judgment in the amount of $108,153.05 with interest. (Shea Decl.) On January 8,

2008, the Court signed an Order dismissing the case as settled and incorporated the terms of the Settlement Agreement by reference. The Court also retained jurisdiction over the Settlement Agreement to enforce its terms.

The parties contemplated that First Occupational planned on financing the settlement by receiving proceeds from a loan. The loan did not close as expected and the parties agreed to extend the date for the payment of settlement monies. The most recent Order of the District Court provided that if the settlement was not consummated by December 1, 2008, UHC could move to enforce the settlement.[1]

To date, First Occupational has not paid the agreed to settlement amount.

## ANALYSIS

The law is clear that a federal court may retain jurisdiction to enforce a settlement and that state law governs the enforcement of settlement contracts. Metropolitan Life Ins. Co. v. Hayes-Green, 2009 WL 2119976 (D.N.J. 2008).

Here, the parties have entered into a Settlement Agreement. That Agreement provided for payment of $108,153.05 plus interest no later than December 1, 2008. Payment has not been made. Accordingly, UHC is entitled to a judgment of $108,153.05 plus interest. The Court is also satisfied that in this diversity case, state law applies in calculating prejudgment interest.

Pursuant to New Jersey Court Rule 4:42-11(a)(iii), which governs the calculation of prejudgment interest on non-tort claims, prejudgment interest in 2007 was 6% and prejudgment interest in 2008 was 7.5%. Expected interest in 2009 is 6%. Thus the Court will enter final judgment in the amount of $108,153.05 plus interest for 2007 in the amount of $6,489.18 and

---

[1] Thereafter the parties consented to magistrate jurisdiction so this motion to enforce could be filed and adjudicated.

interest for 2008 in the amount of $8,111.48 and per diem interest in 2009, through May 18, 2009 in the amount of $320.01.   A proposed form of Order will accompany this Opinion.

**SO ORDERED.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc: Clerk
    Hon. Susan D. Wigenton, U.S.D.J.
    All Parties
    File